UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAMÓN SÁNCHEZ-ROSADO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1954 (JAF)

(Crim. No. 05-033)

**OPINION AND ORDER**

Petitioner, represented by counsel, petitions under 28 U.S.C. § 2255 for relief from a federal court conviction. (Docket No. 1.) Respondent opposes (Docket No. 5), and Petitioner responds (Docket No. 8).

I.

**Factual Background**

The factual history of Petitioner's criminal case is detailed in the First Circuit's resolution of his appeal. See United States v. Rivera-Rivera, 555 F.3d 277, 280–82 (1st Cir. 2009).

II.

**Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner

Civil No. 10-1954 (JAF) -2-

may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

On collateral review, a petitioner may not relitigate issues that were decided on direct appeal. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). In addition, a petitioner's "failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the [petitioner] can demonstrate cause for the failure and prejudice or actual innocence." Berthoff v. United States, 308 F.3d 124, 127–28 (1st Cir. 2002). This bar does not apply to claims of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 509 (2003).

A petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)) (internal quotation marks omitted); see also § 2255(b). A petitioner waives any claims he raises perfunctorily. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (deeming waived ineffective assistance claim raised in § 2255 proceeding in perfunctory manner).

**III.**

**Analysis**

Petitioner claims he received ineffective assistance of trial counsel. (Docket No. 1.) He alleges that counsel failed (1) to show that there was an insufficient nexus between Petitioner's crime and interstate commerce, which was required to make Petitioner's crime federal; (2) to

Civil No. 10-1954 (JAF)                                                                                                    -3-

seek a plea offer; (3) to seek suppression of identification evidence; (4) to seek suppression of statements attributable to Petitioner, or to notify Petitioner before trial that those statements existed as evidence; (5) to move for DNA analysis of certain physical evidence; and (6) to perform "in the aggregate." (Docket No. 1-1 at 9–20.) We first provide the standard for ineffective assistance of counsel and then consider each failure Petitioner alleges.

### A.     Standard for Ineffective Assistance of Counsel

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens, 483 F.3d at 57 (citing Strickland, 466 U.S. at 687–91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v.

Civil No. 10-1954 (JAF) -4-

Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

### B. Petitioner's Claims

#### 1. Insufficient Nexus

Petitioner claims that trial counsel erred in the handling of his challenge to the sufficiency of the nexus between the crime and interstate commerce. (See Docket No. 1-1 at 9–14.) Specifically he claims that trial counsel erred in investigating that element and in not putting evidence before the jury to refute the government's weak showing of nexus. (Id.; Docket No. 8 at 2–3.) He also claims that because trial counsel failed to preserve the issue for appeal, the appellate court applied a more stringent standard of review—plain error, as opposed to harmless error—which rendered the appeal unsuccessful. (See Docket Nos. 1-1 at 13; 8 at 3–5.)

To show that trial counsel insufficiently investigated the nexus element, and could have brought evidence to refute the government's weak showing, Petitioner submits the report of a private investigator who determined that Caguas, Puerto Rico, the place of the crime, is not touristic. (See Docket Nos. 1-2 at 4–5; 1-3.) At trial, the question of whether Caguas is a tourist destination became relevant when the government's witness testified that his business sometimes received tourists from mainland United States. See Rivera-Rivera, 555 F.3d at 287 & n.10. The private investigator reports the results of a two-day investigation consisting of his personal observations and interviews in the Caguas area and revealing that tourists are rarely spotted there. (See Docket No. 1-3.) He also reports that the Caguas tourism office told him

Civil No. 10-1954 (JAF)                                                                                                              -5-

that cruise ships "historically" bring "small groups of U.S. residents to Caguas . . . on an irregular and limited, seasonal basis." (Id. at 4.) We fail to see how this evidence would have refuted the witness's testimony that his business sometimes received U.S. residents or would have affected the government's other evidence regarding nexus, see Rivera-Rivera, 555 F.3d at 287–89 (discussing government's evidence supporting nexus). Petitioner offers no other suggestion as to what evidence trial counsel could have offered the jury to refute nexus. We note that the First Circuit considered at length and affirmed the sufficiency of the nexus evidence, see id., and that a dissenting circuit judge identified the issue as a close one and would have decided it differently from the majority, see id. at 293–98. Petitioner argues that the fervor of the debate in the First Circuit indicates that counsel was deficient for failure to submit more evidence tipping the scale in Petitioner's favor. Without showing us any persuasive evidence his counsel could have submitted, however, we fail to see how counsel could have influenced the debate. We therefore find no prejudice from counsel's alleged failure.

As to the standard of review, Petitioner argues that were it not for trial counsel's failings, harmless error rather than plain error review would have applied to the appellate review of the nexus issue. (Docket Nos. 1-1 at 9–14; 8 at 2–3.) The difference between the standards Petitioner cites becomes relevant only after a finding that an error occurred; as to the nexus issue, the First Circuit found no error. See Rivera-Rivera, 555 F.3d at 286–89. Regardless, the standard that would have applied had trial counsel preserved the issue for appeal is de novo review. See, e.g, United States v. Cruz-Rodríguez, 541 F.3d 19, 26 (1st Cir. 2008) (reviewing

de novo timely challenge to sufficiency of government's evidence). And in Petitioner's case, the First Circuit noted, "Even if we were reviewing the appellants' sufficiency claim de novo, which we are not, we would be hard pressed to find the evidence regarding the interstate commerce nexus insufficient to support the verdict." Rivera-Rivera, 555 F.3d at 287 (footnote omitted). We therefore find no merit in Petitioner's argument that a different standard would have affected the outcome on appeal.

### 2. Plea Offer

Petitioner claims that trial counsel did not attempt to obtain a plea. (Docket No. 1-1 at 15.) He claims generally that counsel did not "engage in meaningful plea bargaining." (Id. at 18.) In an affidavit, Petitioner clarifies that counsel "failed to seek a plea, despite [Petitioner's] request to do so" and that Petitioner "felt there was a failure to engage in meaningful plea bargaining because although [Petitioner] asked for a plea, an offer was never given." (Docket No. 1-2 at 4, 6.) He also avers that the severity of the sentence he faced is what drove him to trial. (Id. at 6.)

We note that trial counsel's apparent attempt at a plea bargain was captured in the criminal case record. In a motion to continue trial, counsel reported on the plea offer he "discussed at great length" with Petitioner, who decided to reject the offer and stand trial. (See Crim. No. 05-033, Docket No. 24 at 2–3.) Respondent, in its opposition, brought this record to Petitioner's attention (see Docket No. 5 at 7), and Petitioner did not address it in his response (see Docket No. 8). We also note that counsel's report comports with Petitioner's averment that he decided to go to trial because he "had little to lose" (Docket No. 1-2 at 6); the plea offer was

for 351 months, and the government had said it could do nothing about the twenty-five-year mandatory minimum (see Crim. No. 05-033, Docket No. 24 at 2–3).

On the basis of this record evidence and argumentation, we find incredible Petitioner's claim that his counsel failed to pursue a plea offer.

### 3. Identification Evidence

Petitioner claims that trial counsel failed to seek suppression of certain identification evidence prior to trial and that this delay prejudiced his suppression motion. (See Docket Nos. 1-1 at 16; 8 at 5–7.) Though counsel did not seek suppression before trial, he did so during trial. See Rivera-Rivera, 555 F.3d at 283. Upon review of the trial court's denial of the suppression motion, the First Circuit found unpersuasive the basis for the counsel's motion—that the identification at issue involved "impermissibly suggestive procedures." Id. at 284. While Petitioner argues that the timing of the motion affected its success, he does not claim that the basis for that motion would have been different in an earlier motion. (Docket No. 8, 5–7.) Petitioner has therefore failed to show that the timing of the filing of the motion affected its ultimate futility.

### 4. Statements Attributable to Petitioner

Petitioner claims that trial counsel did not move to suppress, or even advise Petitioner before trial as to the existence of, statements made by his co-defendant that were attributable to him. (Docket No. 1-1 at 17.) Petitioner neither explains what would have been the basis for that suppression motion nor shows that it would have been meritorious. (Id.) Further, he states in his affidavit that both before and during trial, he and his counsel discussed "the introduction

of statements that were allegedly made at the time of the robbery by co-defendant . . . and whether the admission of such a statement into evidence warranted a severance from my co-defendant." (Docket No. 1-2 at 3–4.) We therefore find incredible the allegation that counsel failed to bring the evidence to Petitioner's attention before trial. And we find that Petitioner has failed to show that counsel was deficient for failing to move for suppression of the evidence, as he has explained neither the basis nor likely effect of such a motion.

### 5. DNA Analysis

Petitioner claims that trial counsel did not move for DNA analysis of certain physical evidence. (Docket No. 1-1 at 17–18.) He claims, we gather, that such analysis would have confirmed the defense theory that that physical evidence belonged to someone other than Petitioner. (See id.) Petitioner does not detail how the DNA evidence would have been used or explain how it would have changed the outcome of his trial. (See id.) We note, however, that there was strong evidence at trial, including eyewitness testimony, implicating Petitioner in the crime alleged. See Rivera-Rivera, 555 F.3d at 284 (deeming the government's identification evidence reliable). In addition, before Petitioner's criminal trial, the government requested, and the court granted, disclosures under Federal Rule of Criminal Evidence 16(b) (Crim. No. 05-033, Docket Nos. 22 at 1; 30); thus Petitioner would have had to disclose the results of DNA analysis to the government, see Fed. R. Crim. Evid. 16(b)(2). Given the strong evidence implicating Petitioner, and given that the DNA analysis would have been subject to disclosure, we find it was a reasonable trial strategy to forgo any such analysis.

### 6. Performance in the Aggregate

Civil No. 10-1954 (JAF) -9-

Petitioner claims that trial counsel also failed to investigate certain documents and information available to him before trial. (Docket No. 1-1 at 18.) He argues that that investigation would have enabled counsel to file a pretrial motion to suppress the identification evidence discussed above in Part III.B.3. (See id.) As we have already determined that a pretrial motion to suppress would have been meritless, we now find that Petitioner shows no prejudice from this alleged failure to investigate.

Finally, Petitioner urges us to consider counsel's failings in the aggregate to find overall ineffectiveness assistance. (Id. at 18–19.) As Petitioner has shown us neither deficient performance nor prejudice resulting therefrom, we find no ineffective assistance in the aggregate.

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong.

Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily dismiss Petitioner's claims because it is plain from the record that he is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 26th day of July, 2011.

                                                      s/José Antonio Fusté
                                                      JOSE ANTONIO FUSTE
                                                      United States District Judge